JUSTICE WEBER
specially concurs as follows:
I concur with the majority conclusion because I believe that is required under previous Montana decisions. However, I wish to express grave concerns with regard to the theory of the case:
As pointed out in the majority opinion, this Court has invalidated insurance contract clauses which limited the insurer’s liability for uninsured motorist coverage. Those cases followed the 1967 enactment of § 40-4403, RCM (1947), the predecessor to § 33-23-201, MCA, which expressed the limitation that no motor vehicle liability policy should be issued unless coverage was provided for those who are legally entitled to recover damages from operators of uninsured motor vehicles. That public policy was clearly defined and adopted by the Montana Legislature. It was appropriate that such public policy as determined by the Legislature should be enforced by this Court. However, that theory does not apply to the present case.
Here we have an underinsured motorist coverage question. The Montana Legislature has not made a declaration of public policy *391 covering underinsured motorist coverage. The majority opinion has reached the following conclusion:
Montana citizens should have a reasonable expectation that when they purchase separate policies for underinsured motorist coverage, they will receive adequate compensation for losses caused by an underinsured motorist, up to the aggregate limits of the policies they have purchased.
Unfortunately that conclusion directly contradicts the very clear provision of the insurance policy itself. Principles of contract law which are applied in other cases are not considered here. Instead we have injected a “reasonable expectation” standard with which we justify a nullification of clear contract provisions.
In the absence of a legislative policy declaration, I question that this Court has a basis to define the nature of the “reasonable expectations” of the purchasers of insurance policies. If we are free to effectively cancel contract provisions on an underinsurance theory, can that analysis on our part be applied to a cancellation of any and all other provisions in insurance contracts? Can a similar theory be applied to other contract instruments which come before us, such as notes, mortgages, contracts for deed, and similar instruments? I suggest that we have now proceeded beyond the reasonable bounds of judicial discretion.
It may now be appropriate that the Legislature examine this area and set forth its views of policies regarding such insurance contracts.